**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiff,
*Individually and on behalf of an*
*FLSA collective action*

| | |
|---|---|
| Milton Arbizu, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 22-cv-6155 |
| - vs. – | **COMPLAINT** |
| B S D Food LLC d/b/a Bagel D'Lox and Nelson Buchinger, | |
| Defendants. | |

Plaintiff Milton Arbizu, by and through his undersigned attorneys, for his complaint against defendants B S D Food LLC d/b/a Bagel D'Lox and Nelson Buchinger, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1.     Mr. Arbizu alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants B S D Food LLC d/b/a Bagel D'Lox and Nelson Buchinger**,** who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid

wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.      Mr. Arbizu further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.      Plaintiff Milton Arbizu is an adult individual residing in Rockland County, New York.

4.      Mr. Arbizu consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.      Upon information and belief, defendant B S D Food LLC d/b/a Bagel D'Lox ("Bagel D'Lox") is a New York corporation with a principal place of business at 421 Route 59, Monsey, New York.

6.      At all relevant times, defendant Bagel D'Lox has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.      Upon information and belief, at all relevant times, defendant Bagel D'Lox has had gross revenues in excess of $500,000.00.

8.      Upon information and belief, at all relevant times herein, defendant Bagel D'Lox has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.      Upon information and belief, at all relevant times, defendant Bagel D'Lox has constituted an "enterprise" as defined in the FLSA.

10.      Upon information and belief, defendant Nelson Buchinger is an owner or part owner and principal of Bagel D'Lox, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.      Defendant Nelson Buchinger was involved in the day-to-day operations of Bagel D'Lox and played an active role in managing the business.

12.      For example, Nelson Buchinger hired and later fired Mr. Arbizu and set his schedule and pay, as well as making changes to his pay rate during his employment.

13.      Defendants constituted "employers" of Mr. Arbizu as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.     Pursuant to 29 U.S.C. § 207, Mr. Arbizu seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were employed by defendants in the United States as bagel shop workers at any time since March 3, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     The Collective Action Members are similarly situated to Mr. Arbizu in that they were employed by defendants in their bagel shop, and were denied premium overtime pay for hours worked beyond forty hours in a week.

18.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19.     Milton Arbizu and the Collective Action Members perform or performed the same or similar primary duties, and are or were subjected to the same policies and practices by defendants.

20.     The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

21.     At all relevant times herein, defendants owned and operated a bagel shop in Monsey, New York.

22.     Milton Arbizu was employed at Bagel D'Lox from approximately May 2012 through January 2022.

23.     Mr. Arbizu was employed primarily as a food preparer.

24.     Mr. Arbizu's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.     At all relevant times herein, Mr. Arbizu was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26.     Mr. Arbizu worked a regular schedule of six nine-hour workdays per week throughout his employment, every day except Saturdays.

27.     As a result, Mr. Arbizu worked about 54 hours per week each week during his employment.

28.     Mr. Arbizu was paid by the hour when he worked for defendants.

29.     When Mr. Arbizu was first hired he was being paid $9.50 per hour, but his rate of pay changed over time.  As of 2016, he was being paid $11 per hour, and he got raises roughly annually thereafter.

30.     In 2017 he was being paid $11.50 per hour; in  2019, he was being paid $12.50 per hour, in 2020 he was being paid $13.50 per hour, in 2021, $14 per hour, and in 2022, $16 per hour.

31.     Mr. Arbizu was being paid at these rates for all hours he worked, regardless of the number of hours he worked each week.

32.     Mr. Arbizu was paid by a combination of cash and check each week, and although he received paystubs, those paystubs (a) did not reflect the cash portion of

his pay; (b) did not reflect the hours that he worked; and (c) did not reflect his rate of pay.

33.     In addition, defendants failed to pay Mr. Arbizu any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

34.     Defendants' failure to pay Mr. Arbizu the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

35.     Indeed, when Mr. Arbizu asked defendant Buchinger to be paid overtime pay, defendant expressly told him "No."

36.     Defendants failed to provide Mr. Arbizu with written notices in his primary language providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, Mr. Arbizu's regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, at any time during his employment, in violation of the Wage Theft Prevention Act in effect at the time.

37.     Defendants failed to provide Mr. Arbizu with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

38.     Upon information and belief, throughout the period of Milton Arbizu's employment (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Arbizu (the Collective Action Members) in positions at defendants' bagel shop that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

39.     Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

40.     Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

41.     Upon information and belief, these other individuals were not provided with required wage notices or compliant weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

42.     Upon information and belief, while defendants employed Milton Arbizu and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

43.     Upon information and belief, while defendants employed Milton Arbizu and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## **COUNT I**

### **(Fair Labor Standards Act - Overtime)**

44.     Mr. Arbizu, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

45.     At all relevant times, defendants employed Milton Arbizu and each of the Collective Action Members within the meaning of the FLSA.

46.     At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

47.     As a result of defendants' willful failure to compensate their employees, including Milton Arbizu and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

49.     Due to defendants' FLSA violations, Milton Arbizu and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

50.     Mr. Arbizu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51.     At all relevant times, Mr. Arbizu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52.     Defendants willfully violated the rights of Mr. Arbizu by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

53.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

54.     Due to defendants' New York Labor Law violations, Mr. Arbizu is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

55.     Mr. Arbizu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56.     At all relevant times, Mr. Arbizu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57.     Defendants willfully violated the rights of Mr. Arbizu by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

58. Defendants willfully violated the rights of Mr. Arbizu by failing to provide him with compliant weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

59. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Arbizu is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

60. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Arbizu is entitled to recover from the defendants statutory damages of $50 per day throughout his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Arbizu respectfully requests that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Milton Arbizu and his counsel to represent the Collective Action members;

b.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.      An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.      A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.      An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.      Liquidated damages for defendants' New York Labor Law violations;

g.      Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h.      Back pay;

i.      Punitive damages;

j.      An award of prejudgment and postjudgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other, further, and different relief as this Court deems just and proper.

Dated:  February 22, 2022

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
Attorneys for Plaintiff,
*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

DocuSign Envelope ID: 0656195E-0AC0-48D3-9E79-A86822135DA6

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of BSD Food LLC and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Stein & Nieporent LLP, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de BSD Food LLC y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Stein y Nieporent LLP, y estoy de acuerdo en estar obligado por sus términos.

Milton Arbizu

Date:   2/19/2022